IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHNNY LEE REED, IV, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:18-cv-00164-O-BP |
| § | |
| FAS PAC STORE, et al., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the undersigned for pretrial management pursuant to Special Order No. 3 on November 15, 2018. ECF No. 3. Before the Court are Defendants' 12(b)(6) Motion to Dismiss and Brief in Support, ECF Nos. 23 and 24, filed March 18, 2019; Plaintiff's Objection with incorporated supporting brief, ECF No. 27, filed April 8, 2019; Plaintiff's Motion for Leave to File Amended Complaint and Supporting Brief, ECF Nos. 21 and 22, filed March 15, 2019; Plaintiff's Motion for Stay and Abeyance and Leave to File an Amended Complaint, ECF No. 29, filed April 22, 2019; and Defendants' Reply to Plaintiff's Motion for Stay, ECF No. 30, filed April 23, 2019. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendants' Motion to Dismiss, ECF No. 23; **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**; and **DENY** Plaintiff's Motion for Leave to File Amended Complaint and Motion for Stay and Abeyance, ECF Nos. 21 and 29, as **MOOT**.

## BACKGROUND

This is an employment discrimination and defamation case brought by Plaintiff Johnny Lee Reed, IV ("Reed") against his former employer, Defendant Fas Pac Store ("Fas Pac"); Defendants

Troy (last name unknown) and Kerry (last name unknown); and Jane Doe and John Doe (the alleged owners of Fas Pac). ECF No. 1. In his Complaint, Reed asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. He alleges that he was wrongfully terminated from his employment as a cash attendant at Fas Pac under Title VII of the Civil Rights Act of 1964. *Id.* at 5-7. He alleges further that Defendant Troy (last name unknown) gave false testimony against him and gave information that led to his wrongful arrest. *Id.* at 8. Finally, he claims that his wrongful termination and false claims made against him by Fas Pac and Troy (last name unknown) constituted defamation. *Id.* The file reflects that summonses were returned unexecuted as to defendants Joe [sic] Doe and Jane Doe. *See* ECF Nos. 11 and 14. Defendants Fas Pac, Troy Dueberry, and Kerry Cannedy filed their Answer, ECF No. 9, on January 2, 2019 and their Amended Answer, ECF No. 16, on January 21, 2019. They thereafter filed the instant Motion to Dismiss.

In their Motion, Defendants allege that the Court should dismiss Reed's Complaint because his claims of employment discrimination under Title VII of the Civil Rights Act of 1964 and his state law claims for giving false testimony and defamation are barred by the applicable statutes of limitations. *See* ECF No. 24. Reed denies that his claims are barred by the statutes of limitation because they were tolled during a period in which he was incarcerated. *See* ECF Nos. 27 and 29. He asks that the Court stay and abate his case so that he can make a proper claim of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and permit him to file an amended complaint after he has exhausted all available administrative remedies. *Id.*

## LEGAL STANDARD

### I.  Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief

can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of*

3

*Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

## II.     *Pro se* pleading standards

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

## ANALYSIS

## I.     Reed's Title VII Claims Must be Dismissed for Failure to Exhaust Administrative Remedies.

Before a plaintiff can file a suit in federal court alleging employment discrimination under Title VII, he must exhaust his administrative remedies. *Davis v. Fort Bend Cty.*, 893 F.3d 300,

303 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cty. v. Davis*, ___ U.S. ___, 139 S. Ct. 1843 (2019). He exhausts those remedies by filing "a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. § 2000e-5(e)(1) (West 2012)). "Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (quotations omitted). The filing of an EEOC charge "'is a precondition to filing suit in district court.'" *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (quoting *Taylor*, 296 F.3d at 379). Upon receiving a statutory notice of right to sue, a plaintiff has ninety days to file a civil action pursuant to her Title VII claims. 42 U.S.C. § 2000e-5(f)(1). The ninety-day limitations period is strictly construed against all litigants, and *pro se* litigants are not excused from abiding by the limitations period. *Taylor*, 296 F.3d at 379. *See also Washington v. City of Gulfport*, 351 F. App'x. 916, 917-18 (5th Cir. 2009) (affirming the grant of summary judgment against a *pro se* litigant who filed a Title VII action more than ninety days after receiving a statutory notice of right to sue from the EEOC).

"Administrative exhaustion for Title VII claims is mandatory (but not jurisdictional), *see* 139 S. Ct. at 1851, and courts will dismiss claims not properly exhausted, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)." *Wiggins v. Golden Corral Corp.*, No. 19-20374, ___ F. App'x ___, 2020 WL 6588577, at *2 (5th Cir. Feb. 3, 2020). Here, Reed concedes that he did not file a charge of discrimination with the EEOC or an appropriate state or local agency. In his Objection to Defendants' Motion and his Motion to Stay, Reed repeats a mistaken belief that he had ninety days to file a charge with the EEOC and seeks a stay and abeyance so that he can file a proper charge. *See* ECF No. 27 at 3 ("but for his deprivation of his fundamental right to enjoy

adequate access to the Courts during his legal incapacitation, [he] would have filed his EEOC Charge within the period of limitation") and ECF No. 29 at 4 ("he was illegally incarcerated during the 90 Day period for filing a [sic] EEOC Complaint"). Defendants argue in the brief supporting their Motion that Reed's Title VII claim should be dismissed because he failed to file a charge of discrimination with the EEOC or a state or local agency within the time periods provided by federal and state law. *See* ECF No. 24 at 3.

Because Reed failed to exhaust his administrative remedies prior to filing suit, Judge O'Connor should grant Defendants' Motion to Dismiss his Title VII claims. Although Reed asks the Court to abate the case to allow him to file a charge with the EEOC and exhaust his administrative remedies, he offers no explanation for why that is a proper course. According to Fifth Circuit authority, dismissal for failure to exhaust administrative remedies is required. "Administrative exhaustion is important because it provides an opportunity for voluntary compliance before a civil action is instituted." *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018) (quoting *Davis*, 893 F.3d at 307). "Even though administrative exhaustion is not a *jurisdictional* requirement, it is still a requirement." *Id.* (emphasis in original).

Ordinarily, a dismissal for failure to state a claim under Federal Rule 12(b)(6) is a ruling on the merits of a case and would be with prejudice. *Csorba v. Varo, Inc.,* 58 F.3d 636, 636 (5th Cir. 1995) (per curiam) (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977)). However, "[w]hen a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 n. 5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't,* 127 F.3d 470, 478 (5th Cir. 1997); *Stroy*, 896 F.3d at 698 n.2; *Crawford v. Tex. Army Nat'l*

6

*Guard,* 794 F.2d 1034, 1035, 1037 (5th Cir. 1986)). Accordingly, Judge O'Connor should dismiss Reed's Title VII claims without prejudice.

## II. The Court should Decline to Exercise Supplemental Jurisdiction over Reed's Remaining State Law Claims.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. Following dismissal of Reed's Title VII claims, the Court does not have original jurisdiction over his state law wrongful termination claim, claims of defamation related to his termination, or the alleged false testimony or defamatory statements of one or more of the defendants. It is unclear on the state of the pleadings whether the Court would have subject-matter or personal jurisdiction over the Defendants in the absence of Reed's Title VII claims. But the Court cannot presume that jurisdiction.

The Fifth Circuit has instructed district courts considering whether to retain supplemental jurisdiction to weigh the common law factors of "judicial economy, convenience, fairness, and comity," which are to be considered on a case-by-case basis. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Here, Reed's state law claims clearly do not predominate over the claims over which the Court has original jurisdiction. And, given the procedural posture of the case, judicial economy does not warrant the Court to retain supplemental jurisdiction since Reed's Title VII claims may one day return to federal court after Reed exhausts his administrative remedies. Under these circumstances, Judge O'Connor should decline to exercise supplemental jurisdiction over Reed's state law claims and should likewise dismiss them without prejudice to Reed's right to refile them in a court of appropriate jurisdiction.

**III.     Reed's Motion for Leave to Amend, ECF No. 21, and Motion for Stay and Abeyance, ECF No. 29, should be Denied as Moot.**

Given the undersigned's recommendations that Judge O'Connor grant Defendants' Motion to Dismiss for Reed's failure to exhaust administrative remedies and decline to exercise supplemental jurisdiction over the remaining state law claims, dismissing Reed's Complaint without prejudice, Judge O'Connor should deny Reed's Motion for Leave to Amend, ECF No. 21, and Motion for Stay and Abeyance, ECF No. 29, as moot.

## CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion to Dismiss, ECF 23, and **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**. Judge O'Connor should **DENY AS MOOT** Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 21, and Plaintiff's Motion for Stay and Abeyance, ECF No. 29/

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 4, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE